**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MESHEAL MAGDY MESHEAL SHAFIK, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02993-SHL-cgc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) ) ) | |
| Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On August 4, 2026, Petitioner Mesheal Magdy Mesheal Shafik filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  He challenges his continued immigration-related detention, during which he was allegedly denied procedural protections that he is entitled to under the Immigration and Nationality Act.  Petitioner is a citizen of Egypt who entered entered the United States without inspection on July 21, 2023, seeking asylum.  (Id. at PageID 15.)  He was subsequently released on his own recognizance and has lived here continuously since entry.  (Id.)

On August 3, 2026, he was apprehended by immigration officers while attending an ICE check-in meeting, which he attended pursuant to his pending appeal of an order of removal to the Board of Immigration Appeals ("BIA").  (Id.)  The BIA has yet to set a briefing schedule on

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, Richard Pfifer, David Venturella, Markwayne Mullin, and Todd Blanche are dismissed from the case.

Petitioner's appeal.  (Id.)  To date, he has remained in Respondent Christopher Bullock's custody at the West Tennessee Detention Facility and has not received a bond hearing.  He alleges that the arrest without prior notice, any warrant, or a bond hearing violates his statutory and due process rights and justifies immediate release.  (Id. at PageID 15–22.)

On May 11, 2026, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2)    Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)    Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4)    Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of this Petition.

2

**IT IS SO ORDERED,** this 7th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE